1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 GREGORIO ZAMORA,                              No. CIV S-08-2627-CMK-P

12          Plaintiff,

13     vs.                                                ORDER

14 CATHY PROSPER,

15          Defendant.

16 _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18 to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21 § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23 from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24 the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26 This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

Plaintiff names Cathy Prosper, the prison warden, as the only defendant.  He

states:

> Violated due process by placing a vid on me.  In violation of U.S.
> Constitution 4th, 5th, 6th and 14th Amendments.  Also in violation of
> Penal Sec. imprisonment and the death penalty § 2657(a)(b) – by
> increasing my sentence due to not being able to go to cam, MSF, CCF,
> MCCF where credits for good time are increased.

Plaintiff seeks an order removing the "vid" from his prison file "due to acquittal."  He also seeks

restoration of good-time credits as well as "monetary compensation" for "mental distress and

aggravation."

The complaint suffers from a number of defects.  First, the court cannot discern

any constitutional violation based on plaintiff's allegation of "placing a vid on me."  It could be

that plaintiff is challenging some kind of disciplinary proceeding.  With respect to prison

disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a

written statement at least 24 hours before the disciplinary hearing that includes the charges, a

description of the evidence against the inmate, and an explanation for the disciplinary action

taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling

witnesses would interfere with institutional security; and (3) legal assistance where the charges

are complex or the inmate is illiterate.  See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).

Due process is satisfied where these minimum requirements have been met, see Walker v.

Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as

1  a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S.

2  445, 455 (1985).  The "some evidence" standard is not particularly stringent and is satisfied

3  where "there is any evidence in the record that could support the conclusion reached." Id. at 455-

4  56.  A violation of prison regulations does not give rise to a due process claim as long as these

5  minimum protections have been provided.  See Walker, 14 F.3d at 1419-20.  Here, however,

6  plaintiff does not allege any denial of the required procedural guarantees or that "some evidence"

7  did not support an adverse disciplinary finding.

8        Second, by requesting restoration of good-time credits, it appears that plaintiff's

9  complaint sounds in habeas.  When a state prisoner challenges the legality of his custody and the

10  relief he seeks is a determination that he is entitled to an earlier or immediate release, such a

11  challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a

12  petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also

13  Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583,

14  586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or

15  declaratory relief alleges constitutional violations which would necessarily imply the invalidity of

16  the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing,

17  such a claim is not cognizable under § 1983 unless the conviction or sentence has first been

18  invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v.

19  Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations

20  of procedural defects and a biased hearing officer implied the invalidity of the underlying prison

21  disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983

22  not cognizable because allegations were akin to malicious prosecution action which includes as

23  an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield

24  v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable

25  because allegations of procedural defects were an attempt to challenge substantive result in

26  parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because

challenge was to conditions for parole eligibility and not to any particular parole determination).
In particular, where the claim involves loss of good-time credits as a result of an adverse prison
disciplinary finding, the claim is not cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th
Cir. 1997).  If a § 1983 complaint states claims which sound in habeas, the court should not
convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such
claims must be dismissed without prejudice and the complaint should proceed on any remaining
cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49
F.3d at 585.  If plaintiff is indeed seeking restoration of good-time credits which were lost as a
result of an adverse disciplinary finding, then the complaint must be dismissed without prejudice
to seeking relief by way of habeas corpus upon the exhaustion of state court remedies.

Finally, plaintiff names as the only defendant the prison warden, who is a
supervisory defendant.  Supervisory personnel are generally not liable under § 1983 for the
actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that
there is no respondeat superior liability under § 1983).  A supervisor is only liable for the
constitutional violations of subordinates if the supervisor participated in or directed the
violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.
When a defendant holds a supervisory position, the causal link between him and the claimed
constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
allegations concerning the involvement of supervisory personnel in civil rights violations are not
sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In this case,
plaintiff has not alleged the personal involvement of defendant Prosper.

Because it is possible that the deficiencies identified in this order may be cured by
amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
informed that, as a general rule, an amended complaint supersedes the original complaint.  See

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed with leave to amend; and

2.     Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED:  December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE