IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO ZAMORA, | No. CIV S-08-2627-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CATHY PROSPER, | |
| Defendant. | |

_____/

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 14).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8              As with the original complaint, plaintiff names as the only defendant Cathy

9  Prosper, the warden at High Desert State Prison.  Plaintiff claims:

10             Plaintiff was taken before a classification committee while housed at
             CVSP and an administrative determination was made to place a Violence
11            (Vio) suffix on the plaintiff. This suffix restricts the plaintiff from
             placement in Fire Camp and a reduction in credit status, from 50% to 35%.
12            This determination was made after the plaintiff was acquitted for
             attempted murder by a jury, then returned back to prison by the board of
13            Parole Terms (Board).

14            The plaintiff is now serving a new term and is being denied a chance to go
             to fire camp and earn additional credit earning off of his sentence for
15            charges of which he was acquitted. . . .

16  Plaintiff seeks: (1) removal of the "Vio" suffix; (2) retroactive restoration of the higher credit-

17  earning status; and (3) compensatory damages for mental distress.

18             Plaintiff continues to name as the only defendant a supervisory individual without

19  indicating her specific involvement in an alleged constitutional violation.  The court previously

20  advised plaintiff of this defect as follows:

21                  . . . Supervisory personnel are generally not liable under
             § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d
22            1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior
             liability under § 1983).  A supervisor is only liable for the constitutional
23            violations of subordinates if the supervisor participated in or directed the
             violations, or had actual knowledge of the violations and failed to act to
24            prevent them.  See id.  When a defendant holds a supervisory position, the
             causal link between him and the claimed constitutional violation must be
25            specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.
             1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and
26            conclusory allegations concerning the involvement of supervisory

1  personnel in civil rights violations are not sufficient.  See Ivey v. Board of
   Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In this case, plaintiff has not
2  alleged the personal involvement of defendant Prosper.

3  It appears that plaintiff is either unwilling or unable to cure this defect.

4  More significantly, it is clear that plaintiff's claim sounds in habeas.  Plaintiff was

5  also previously advised as to this problem as follows:

6  . . .When a state prisoner challenges the legality of his
   custody and the relief he seeks is a determination that he is entitled to an
7  earlier or immediate release, such a challenge is not cognizable under 42
   U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a
8  writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500
   (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997);
9  Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per
   curiam).  Thus, where a § 1983 action seeking monetary damages or
10  declaratory relief alleges constitutional violations which would necessarily
    imply the invalidity of the prisoner's underlying conviction or sentence, or
11  the result of a prison disciplinary hearing, such a claim is not cognizable
    under § 1983 unless the conviction or sentence has first been invalidated
12  on appeal, by habeas petition, or through some similar proceeding.  See
    Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim
13  not cognizable because allegations of procedural defects and a biased
    hearing officer implied the invalidity of the underlying prison disciplinary
14  sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding
    that § 1983 not cognizable because allegations were akin to malicious
15  prosecution action which includes as an element a finding that the criminal
    proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120
16  F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not
    cognizable because allegations of procedural defects were an attempt to
17  challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824
    (concluding that § 1983 claim was cognizable because challenge was to
18  conditions for parole eligibility and not to any particular parole
    determination).  In particular, where the claim involves loss of good-time
19  credits as a result of an adverse prison disciplinary finding, the claim is not
    cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).  If
20  a § 1983 complaint states claims which sound in habeas, the court should
    not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d
21  at 586.  Rather, such claims must be dismissed without prejudice and the
    complaint should proceed on any remaining cognizable § 1983 claims.
22  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at
    585. . . .

23

24  In the amended complaint, he seeks removal of the "Vio" suffix and retroactive restoration of a

25  status which would allow him to earn credits at a higher rate.  Thus, his claim relates to the

26  duration of his confinement because granting the relief requested would mean that he would be

1 entitled to an earlier release. Such a claim is not cognizable under § 1983. For this reason alone,

2 the action should be dismissed without prejudice to plaintiff raising the claim in a habeas corpus

3 action under § 2254

4        Because it does not appear possible that the deficiencies identified herein can be

5 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

6 the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

7 Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action

8 should not be dismissed for failure to state a claim. Plaintiff is warned that failure to respond to

9 this order may result in dismissal of the action for the reasons outlined above, as well as for

10 failure to prosecute and comply with court rules and orders. See Local Rule 11-110.

11        IT IS SO ORDERED.

12

13  DATED: April 13, 2009

14

                                            _____

15                               **CRAIG M. KELLISON**
                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26