IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO ZAMORA, | No. CIV S-08-2627-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CATHY PROSPER, | |
| Defendant. | |
| _____ / | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's first amended complaint (Doc. 14).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

On April 14, 2009, the court directed plaintiff to show cause why this action should not be dismissed for failure to state a claim. The court outlined plaintiff's allegations and stated:

> Plaintiff continues to name as the only defendant a supervisory individual without indicating her specific involvement in an alleged constitutional violation. The court previously advised plaintiff of this defect as follows:
>
>> . . . Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In this case, plaintiff has not alleged the personal involvement of defendant Prosper.
>
> It appears that plaintiff is either unwilling or unable to cure this defect.
> More significantly, it is clear that plaintiff's claim sounds in habeas. Plaintiff was also previously advised as to this problem as follows:
>
>> . . .When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646

(1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585. . . .

In the amended complaint, he seeks removal of the "Vio" suffix and retroactive restoration of a status which would allow him to earn credits at a higher rate. Thus, his claim relates to the duration of his confinement because granting the relief requested would mean that he would be entitled to an earlier release. Such a claim is not cognizable under § 1983. For this reason alone, the action should be dismissed without prejudice to plaintiff raising the claim in a habeas corpus action under § 2254.

Plaintiff was warned that failure to respond to the order to show cause could result in dismissal of the action for the reasons stated, as well as lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110. Plaintiff has not responded to the order to show cause and the court finds that this action should be dismissed, without further leave to amend, for failure to state a claim. See Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

/ / /

/ / /

/ / /

/ / /

1       IT IS SO ORDERED.

3 DATED: June 10, 2009

                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE

4