IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO ZAMORA, | No. CIV S-08-2627-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CATHY PROSPER, | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for a 30-day extension of time (Doc. 19); and (2) plaintiff's motion to "transfer claims" (Doc. 20). Both motions were filed after final judgment dismissing this action was entered on June 11, 2009.

In his motion for an extension of time, plaintiff states that extra time is needed because his records "are in another inmates property and additional time is needed and requested to retain the property from that inmate because he was placed in Ad-seg." Plaintiff does not, however, state what he seeks to do on an extended timeline, and a review of the docket does not reflect any court-imposed deadlines in this closed case. Therefore, the request will be denied. To the extent plaintiff seeks an extension of time to appeal the court's dismissal of this action,

the request will also be denied because plaintiff does not require access to his records to file a simple notice of appeal.

In his motion to "transfer claims," plaintiff states that he intended to present this case as a petition under 28 U.S.C. § 2254 rather than as a complaint under 42 U.S.C. § 1983. He asks the court to "transfer his claims to a writ of habeas corpus from a § 1983 complaint." As the court explained in its previous orders, when a § 1983 complaint presents claims which sound in habeas the court cannot convert such a complaint into a habeas petition. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). Rather, such a complaint must be dismissed without prejudice to filing a new action under § 2254. Therefore, the court cannot grant plaintiff's instant request to "transfer claims," which must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (Doc. 19) is denied;

2. Plaintiff's motion to "transfer claims" (Doc. 20) is denied; and

3. No further motions shall be entertained in this closed docket.

DATED: July 20, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE